FILED
CLERK, U.S. DISTRICT COURT
FEB 20 2008
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICHARD MAQUINALES,
Petitioner,

vs.

DERRICK OLLISON,
Respondent.

Case No. EDCV 08-109 CAS (JWJ)

MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

## I. BACKGROUND

On December 27, 2007, petitioner Richard Maquinales, a state prisoner proceeding pro se, filed a "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody" (hereinafter "Petition") in the United States District Court for the Eastern District of California, Case No. CV 07-01878 LJO-GSA (HC). On January 2, 2008, United States Magisrate Judge Gary S. Austin ordered that the action be transferred to the Central District of California; the Petition was filed in this Court on January 28, 2008 under case number EDCV 08-109 CAS (JWJ).

This Court screened the Petition pursuant to the Federal Rules of Civil Procedure, the Rules Governing Section 2254 Habeas Cases, 28 U.S.C. § 2243,

and the Local Rules of the Central District of California. The Court's screening reveals that petitioner is challenging his November 15, 2002 sentence in the San Bernardino County Superior Court for attempted robbery and assault with a deadly weapon on a police officer. (Petition, p. 2.)

Petitioner has previously filed two habeas petitions in federal court relating to his November 15, 2002 sentence. On October 15, 2004, petitioner filed a petition for writ of habeas corpus in Case No. EDCV 04-1401 CAS (JWJ), challenging his November 15, 2002 sentence in the San Bernardino County Superior Court for attempted robbery and assault on a peace officer with a deadly weapon. (June 1, 2005 Report and Recommendation, Case No. CV 04-1401 CAS (JWJ), pp. 1-2.) On July 6, 2005, that petition was denied on the merits and dismissed with prejudice. (July 6, 2005 Judgment, p. 1.)

On July 27, 2006, petitioner filed another habeas petition in federal court in Case No. EDCV 06-924 CAS (JWJ). (March 26, 2007 Memorandum and Order, Case No. EDCV 06-924 CAS (JWJ), p. 1.) That petition was dismissed on March 26, 2007 as a successive petition. (Id. at 5.)

The instant Petition presents one ground for relief, to wit: petitioner's Sixth and Fourteenth Amendment rights were violated when the judge, rather than a jury, sentenced him to an "aggravated term."[1] (Petition, p. 9.) For the reasons discussed below, the instant Petition must be dismissed without prejudice.

## II. DISCUSSION

Section 2244(b)(1) of Title 28 of the United States Code provides that "[a] claim presented in a second or successive habeas corpus application under

[1] This Court notes that petitioner's ground for relief is identical to the ground presented in his 2006 petition filed in this Court.

section 2254 that was presented in a prior application shall be dismissed." (Emphasis added.)

Section 2244(b)(2) of Title 28 of the United States Code provides as follows:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. See Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001), cert. denied, 538 U.S. 984, 123 S. Ct. 1793, 155 L. Ed. 2d. 677 (2003). Before a second or successive application permitted under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall dismiss any claim

presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4). See also Cooper v. Calderon, 274 F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

Petitioner filed previously a petition for writ of habeas corpus in this Court on October 15, 2004. On July 6, 2005, the Court denied the Petition and dismissed the action with prejudice.[2] The instant Petition is based on the same conviction and sentence as the prior petition. Thus, this Petition constitutes a "second or successive petition." As a result, petitioner was required to obtain Ninth Circuit approval prior to filing the instant Petition. This Court finds no indication that such approval has been obtained. Therefore, this Court lacks jurisdiction to hear this Petition. See 28 U.S.C. § 2244(b)(3); Cooper v. Calderon, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction). Accordingly, the instant Petition must be dismissed without prejudice to petitioner's right to seek the necessary authorization from the Ninth Circuit.

///

///

///

///

///

///

[2] Petitioner also filed a petition on July 27, 2006, which was dismissed on March 26, 2007 as successive.

**ORDER**

For the foregoing reasons,

**IT IS HEREBY ORDERED AS FOLLOWS:**

The Petition for Writ of Habeas Corpus in the instant action is dismissed without prejudice.

DATED: 2/19/08

CHRISTINA A. SNYDER
United States District Judge

Presented by:

DATED: February 19, 2008

JEFFREY W. JOHNSON
United States Magistrate Judge